## AUGUSTUS E. HARMON ET AL.

### v.

### SEPTIMUS FISHER.

TRUST DEED—SALE—GROWING CROPS.—Where land is sold under the terms of a trust deed, for condition broken, the purchaser is entitled to the crops growing upon the land at the time of such sale.

ERROR to the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding. Opinion filed June 21, 1881.

Mr. J. S. WOLFE, for plaintiff in error; that the crop was a

part of the realty, cited 1 Washburn on Real Property, 4; Wescott v. Delano, 20 Wis. 674; Austin v. Sawyer, 9 Cow. 39.

And passed by deed of the land:    Talbot v. Hill, 68 Ill. 106; Powell v. Rich, 41 Ill. 466; Smith v. Price, 39 Ill. 28; Creel v. Kirkham, 47 Ill. 344; Gillett v. Balcom, 6 Barb. 307.

The crop becomes part of the security:    1 Hilliard on Mortgages, 161; Crews v. Pendleton, 1 Leigh, 297.

A foreclosure carries with it the growing crops:   Downward v. Graff, 40 Ia. 597; Shepherd v. Philbrick, 2 Denio, 174; Sherman v. Willett, 42 N. Y. 146.

The mortgagee, after condition broken, is entitled to possession:    Harris v. Hayne, 34 Vt. 220; Pettingill v. Evans, 5 N. H. 54.

And may elect to consider the mortgagor his tenant:  Jackson v. Warren, 32 Ill. 331.

Mr. J. L. RAY, for defendant in error; that the title of the purchaser on foreclosure is not complete until actual possession, and until then he has no right to the crops, cited Hecht v. Dittman, 13 Chicago Legal News, 127; Shepherd v. Philbrick, 2 Denio, 174; M. V. & W. R. R. Co. v. U. S. Ex. Co. 81 Ill. 534; Moore v. Titman, 44 Ill. 367; Fitchburg Co. v. Melven, 15 Mass. 268; Clark v. Curtis, 1 Gratt. 289; Hughes v. Edwards, 9 Wheat. 489; Syracuse Bank v. Tallman, 31 Barb. 501; Ladue v. Detroit R. R. Co. 13 Mich. 380.

HIGBEE, P. J.    This controversy involves the title to a a lot of corn taken by Fisher from plaintiff in error by a writ of replevin.    A judgment was rendered in favor of defendant in error, in the court below, from which a writ of error is prosecuted to this court.

It appears from the record, that on the first day of February, 1877, Fisher was the owner of a tract of land, and in possession of the same, upon which he executed a deed of trust of that date to secure a debt for borrowed money.    The crop of corn in controversy was planted and raised by him on said tract of land in the year 1880.    Fisher having made default in the payment of the money secured by the trust deed, the

trustee sold and conveyed the premises to Henry R. Bond, on the 26th day of August, 1880, the crop of corn then standing and growing on the premises. The purchaser recovered possession of the land in an action of forcible detainer, and in the following October, plaintiff in error entered under Bond and removed the crop of corn.

The deed of trust created a lien upon the growing crops as well as upon the land, and the sale and deed after condition broken, passed the title to the purchaser as against the grantor. Until condition broken the mortgagor in possession is entitled to the growing crops, and when they are severed has an absolute right to them without liability to account for them.

But when the land is sold for condition broken before severance, the purchaser is entitled to the growing crops. Rankin et al. v. Kinsey, 7 Bradwell, 215; Anderson et al. v. Strauss, Supreme Court, Jan'y term, 1881. No valid objection appearing to the sale by the trustee, it must be regarded as divesting Fisher of his title to the corn in controversy from the date of the deed, and appellants having possessed themselves of it under the title of Bond, their possession was lawful, and the court erred in rendering judgment against them. Judgment reversed and cause remanded.

Reversed and remanded.